**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 10, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JULIAN KEITH GARCIA,

      Petitioner-Appellant,

v.

RANDY LIND, Acting Warden of
Arkansas Valley Correctional Facility,
Colorado Department of Corrections;
JOHN SUTHERS, The Attorney
General of the State of Colorado,

      Respondents-Appellees.

No. 14-1266
(D.C. No. 1:14-CV-00715-RPM)
(D. Colo.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **GORSUCH**, **MURPHY**, and **McHUGH**, Circuit Judges.

A Colorado jury found Julian Garcia guilty of second degree kidnapping,

sexual assault, and aggravated motor vehicle theft. After his direct appeals and a

post-conviction motion in state court proved unavailing, Mr. Garcia sought habeas

relief in federal court. The district court, however, dismissed the current petition

as untimely and denied Mr. Garcia's request for a certificate of appealability, a

request he now renews before this court.

_____

[*] This order is not binding precedent except under the doctrines of law of
the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

By statute, we may issue a COA only if the petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where, as here, the district court dismisses a habeas petition on procedural grounds, the petitioner must demonstrate that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Mr. Garcia has failed to carry this burden. As the district court explained, a petitioner generally has one year after his state conviction becomes final to file a request for federal habeas relief. *See* 28 U.S.C. § 2244(d)(1)(A). Yet Mr. Garcia's conviction became final at the latest in 2009 and he failed to file this federal petition until 2014. Mr. Garcia replies that the district court should have granted him equitable relief from the one-year statute of limitations because he is innocent. But to win relief from the statute of limitations on a claim of actual innocence, the Supreme Court has told us, a petitioner must present new evidence so strong that "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 329 (1995). And that Mr. Garcia has not done. His innocence claim rests on his belief that testing the bandana that he allegedly used to blindfold his victim would reveal only his DNA, not the victim's. But even if new evidence did show that the bandana lacked traces of the victim's DNA, a reasonable juror could still find Mr. Garcia guilty beyond a reasonable doubt. As the district court observed, the

government's evidence at trial included incriminating testimony from multiple witnesses, evidence of DNA on Mr. Garcia's penis that matched the victim's, and other physical evidence demonstrating that the victim had been in Mr. Garcia's car. Besides his claim of actual innocence, Mr. Garcia offered five other arguments for equitable tolling in the district court. His COA application in this court, however, does not appear to raise them, and in any event they fail on the merits for reasons the district court fully explained.

Mr. Garcia's request for a certificate of appealability and his motion to proceed *in forma pauperis* are denied. This appeal is dismissed. Mr. Garcia is reminded of his obligation to pay the filing fee in full.

ENTERED FOR THE COURT

Neil M. Gorsuch
Circuit Judge